UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                                                        Case Number 07-20625
v.                                                    Honorable Thomas Ludington

D 13  JASON WEINHART,

    Defendant-Petitioner.
_____/

**OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND DISMISSING PETITION WITH PREJUDICE**

Petitioner Jason Weinhart filed a motion to vacate his federal custodial sentence pursuant to 28 U.S.C. § 2255 on March 1, 2011. ECF No. 379. The motion was referred to Magistrate Judge Charles E. Binder for hearing and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The United States ("Respondent") subsequently filed a motion to dismiss Weinhart's petition on March 29, 2011. ECF No. 383.

Judge Binder completed his report and recommendation on June 16, 2011. ECF No. 391. Judge Binder recommends granting Respondent's motion to dismiss Weinhart's petition because Weinhart's plea agreement was entered into knowingly and voluntarily, Weinhart's ineffective assistance of counsel claim for failing to file a direct appeal is precluded by the plea agreement, Weinhart's request for counsel to file a notice of appeal does not preclude enforcement of the valid § 2255 waiver and collateral relief under § 2255 is barred because of the valid plea agreement.

Weinhart filed an objection to Judge Binder's report and recommendation on July 5, 2011.[1] ECF No. 393.

The Court agrees with Judge Binder's conclusions and will adopt his report and recommendation. As will be explained herein, Weinhart's objections will be overruled, Respondent's motion to dismiss will be granted, and Weinhart's motion to vacate sentence will be dismissed with prejudice.

**I**

Weinhart provides four objections to Judge Binder's report and recommendation. Each will be addressed separately below.

**A**

Weinhart first objects to Judge Binder's observation in the factual portion of the report and recommendation that the parties agreed that Weinhart is a career offender under U.S.S.G. § 4B1.1 because he has two prior felony drug trafficking convictions. Weinhart contends that he is not a career offender. However, a review of the signed Rule 11 plea agreement (ECF No. 301) reflects that the parties stipulated to the fact that Weinhart is a career offender pursuant to U.S.S.G. § 4B1.1 because of his two prior felony drug trafficking convictions. Immediately before Weinhart's signature is the statement that he read, understood, and agreed to the terms of the plea agreement, including the stipulation that he is a career offender under U.S.S.G. § 4B1.1. Accordingly, Weinhart's first objection will be overruled.

**B**

---

[1] Weinhart's objection was docketed on July 5, 2011, and an identical copy was again docketed on July 15, 2011. EECF No. 394.

Weinhart's second objection is to Judge Binder's conclusion that his plea was voluntarily and knowingly entered. Weinhart's objection quotes nearly exclusively from the arguments provided in his motion to vacate his sentence, and contends that these arguments demonstrate that his plea was not knowing or voluntary despite his statements on the record that indicate otherwise at the time he tendered his plea. Weinhart's objection, which only includes arguments previously presented to Judge Binder, is insufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Weinhart's objection will thus be overruled.

## C

Weinhart's third objection is to Judge Binder's recommendation to follow the authority from the Third and Seventh Circuits with respect to whether counsel's failure to follow instructions to file an appeal even when a plea agreement has been entered is sufficient grounds to vacate Weinhart's sentence. Weinhart's third objection similarly quotes nearly exclusively from his motion to vacate sentence, and he conclusively states that his unfulfilled request for counsel to file a direct appeal should preclude enforcement of his appellate waiver because he thought he would still be able to appeal his sentence. Weinhart also contends that the appeal waiver should not be enforced because he was not sentenced as he expected and that his being designated a career offender should be reviewed. However, Weinhart's plea agreement reflects that the applicable sentencing guideline range was 151 to 188 months and, as previously discussed, the plea agreement he signed stipulated to the fact that he is a career offender. Weinhart does not explain how his sentence of 151 months was unexpected despite his hope the Court would consider mitigating factors and impose a lower sentence. Moreover, Weinhart's claim that he thought he would be able to appeal his sentence is

refuted by the plain language of the appeal waiver included in his Rule 11 plea agreement, which provides that he "waives [the] right [to attack his conviction and sentence] and agrees not to contest his[] conviction or sentence in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255. ECF No. 301 at 7. Weinhart's objection will be overruled.

**D**

Finally, Weinhart objects to Judge Binder's conclusion that he has waived his right to collaterally attack his sentence. He argues that, in this particular case, he should be able to collaterally attack his sentence because his lawyer expressly advised him that he would be able to appeal the Court's sentence if he was displeased and that he was only waiving his right to a jury trial to determine guilt. Weinhart contends that because his plea was invalid, the post-plea ineffective assistance of counsel at issue has an impact on the enforceability of the waiver of post-conviction proceedings to challenge the sentence imposed. The Court agrees with Judge Binder that Weinhart's plea was knowingly and voluntarily entered, and Weinhart's fourth objection will be overruled.

**II**

Accordingly, it is **ORDERED** that Petitioner's objections (ECF Nos. 393, 394) are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 391) is **ADOPTED**.

It is further **ORDERED** that Respondent's motion to dismiss (ECF No. 383) is **GRANTED**.

It is further **ORDERED** that Petitioner's motion to vacate sentence (ECF No. 379) is **DISMISSED WITH PREJUDICE**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: January 18, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Jason Alan Weinhart, #42981048, at LOMPOC U.S. Penitentiary, Inmate Mail/Parcels, 3901 Klein Blvd, Lompoc, CA 93436 by first class U.S. mail on January 18, 2012.

                           s/Tracy A. Jacobs
                           TRACY A. JACOBS