UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON WEINHART,

    Petitioner,

v.

    Case Number 07-20625
    Honorable Thomas Ludington

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER DENYING MOTION SEEKING ISSUANCE OF CERTIFICATE OF APPEALABILITY**

Petitioner Jason Weinhart filed a motion to vacate his federal custodial sentence pursuant to 28 U.S.C. § 2255 on March 1, 2011. ECF No. 379. The motion was referred to Magistrate Judge Charles E. Binder for hearing and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The United States ("Respondent") subsequently filed a motion to dismiss Weinhart's petition on March 29, 2011. ECF No. 383.

Judge Binder completed his report and recommendation on June 16, 2011. ECF No. 391. Judge Binder recommends granting Respondent's motion to dismiss Weinhart's petition because Weinhart's plea agreement was entered into knowingly and voluntarily, Weinhart's ineffective assistance of counsel claim for failing to file a direct appeal is precluded by the plea agreement, Weinhart's request for counsel to file a notice of appeal does not preclude enforcement of the valid § 2255 waiver and collateral relief under § 2255 is barred because of the valid plea agreement. Weinhart filed an objection to Judge Binder's report and recommendation on July 5, 2011.[1] ECF No.

---

[1] Weinhart's objection was docketed on July 5, 2011, and an identical copy was again docketed on July 15, 2011. ECF No. 394.

393. The Court overruled Weinhart's objections, adopted Judge Binder's report and recommendation, and dismissed Weinhart's motion to vacate sentence with prejudice on January 18, 2012.

On February 13, 2012, Weinhart filed a motion seeking issuance of certificate of appealability. ECF No. 406. Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability determination was inadvertently omitted from the Court's final order and thus a determination is still necessary. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Weinhart's plea agreement was entered into knowingly and voluntarily to be debatable or wrong. Therefore, the Court will deny Weinhart a certificate of appealability.

Accordingly, it is **ORDERED** that Weinhart's motion seeking issuance of a certificate of appealability (ECF No. 406) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Jason Weinhart, #42981048, USP Lompoc, 3901 Klein Boulevard, Lompoc, CA 93436 by first class U.S. mail on March 30, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS